```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

PATRICIA McDUFFIE,              )
                                )
        Plaintiff,              )
                                )
        v.                      )   C.A. No. 04-11902-PBS
                                )
AMERICAN EAGLE AIRLINES,        )
                                )
        Defendant.              )
```

MEMORANDUM AND ORDER

For the reasons stated below, the Court dismisses this action in its entirety.

BACKGROUND

On August 31, 2004, plaintiff Patricia McDuffie, while a resident of Massachusetts,[1] filed an application to proceed without prepayment of the filing fee and a complaint against her former employer. Plaintiff's one-page complaint alleges (1) her name was placed on a terrorist watch list; (2) she was interrogated; (3) she sustained a workplace injury; and (4) she was wrongfully terminated from employment. Plaintiff submitted several documents as exhibits to the complaint. See Exhibits; Blackstone Realty, LLC v. FDIC, 244 F.3d 193, 195 (1st Cir. 2001) (pursuant to Fed. R. Civ. P. 10(c), court may treat exhibits to the complaint as "a part [of the pleading] for all purposes" including a motion to dismiss).

---

[1] Plaintiff's most recent pleadings asks that Court to forward all of her mail to Reverend Martha Bridges, 762 Fairly Street, Laurinburg, NC 28353.

## REVIEW

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915.. See 28 U.S.C. § 1915.  A district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).

In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Moreover, in any lawsuit, "[i]t is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCullock v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  If a district court discovers that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Here, it is clear from the face of the pleadings that the Court lacks subject matter jurisdiction to entertain McDuffie's claims. In order for this Court to review plaintiff's claims, it must either have (1) federal question or (2) diversity subject-matter jurisdiction. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).

To the extent plaintiff's unlawful termination claim is construed as falling within Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., ("Title VII"), such claim is time barred under the applicable limitations period. Plaintiff filed a letter from the Equal Employment Opportunity Commission dated November 13, 2001, stating that investigation of her charge of discrimination failed to indicate a violation of the law and the investigation has concluded.

When the EEOC dismisses an administrative charge or otherwise terminates proceedings, an aggrieved party claiming national origin or race discrimination has 90 days in which to file a civil action after the notice of termination. See 42 U.S.C. § 2000e-5 (Title VII). Because this action was not filed until several years after plaintiff received the EEOC notice, the instant action is time barred under the applicable limitations period.

To the extent plaintiff alleges the violation of her constitutional rights concerning the alleged placement of her

name on a terrorist watch list, such a conclusory allegation fails to state a claim.

Finally, without a viable federal claim, the Court is unable to entertain any pendent state court claims. Thus, this Court does not have subject matter jurisdiction over plaintiff's wrongful termination claim against her former employer, because such claim falls under state law.

### ORDER

ACCORDINGLY, for the reasons stated above, the Court orders that this action be dismissed for lack of subject matter jurisdiction.

The Clerk shall mail a copy of this Memorandum to plaintiff at the address listed on the docket as well as c/o Reverend Martha Bridges, 762 Fairly Street, Laurinburg, NC 28353.

SO ORDERED.

 September 15, 2006          /s/ Patti B. Saris
DATE                         PATTI B. SARIS
                             UNITED STATES DISTRICT JUDGE